Ikuta, Circuit Judge, concurring in the judgment:' I agree with the majority but. on different grounds. Even if read in the light most favorable to the appellants, the Second Amended Complaint (SAC) does not raise systemwide claims; rather, the SAC focuses on defendants, facts, and administrative directives pertaining specifically to Atas-cadero. Accordingly, I would hold that the appellants’ facility-specific claims became moot when the appellants were transferred to another facility. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). Appellants argue two exceptions to the mootness doctrine apply, but these claims were not raised below and are waived on appeal. See Cold Mountain v. Garber, 375 F.3d 884, 891 (9th Cir. 2004), as amended (Aug. 9, 2004). I would also hold that the district court did not abuse its discretion in denying appellants’ leave to amend the SAC. The proposed Third Amended Complaint is effectively a new complaint against a new group of defendants, brought eleven years after the SAC and nine years after the State began relocating sexually violent predators to Coalinga. Leave to amend may be denied when, as here, there is evidence of undue delay and undue prejudice to the defendants. See Acri v. Int’l Ass’n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986); Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).